STATE OF VERMONT
ADDISON COUNTY

2:01cv239

ALBERT GIONET &
BERNADETTE GIONET

ADDISON SUPERIOR COURT

v.

DOCKET NO. 118-6-01 ANcv

TOWN OF GOSHEN

## COMPLAINT

NOW COMES Albert and Bernadette Gionet and complains as follows:

1. Hereafter, all officers, past and present, of the Town of Goshen as well as this municipality shall be considered individually and collectively the named defendant in this complaint.
2. On June 26, 1998 the defendant proceeded with a prosecution of the plaintiffs in the State of Vermont Environmental Court.
3. That prosecution continues to date with an enforcement action.
4. The plaintiffs have fully complied with the Environmental Court's Order and are not in violation of the Town's Zoning By-Laws.
5. The defendant(s), hereafter referred to as the "Town" have for many years maintained on municipal property their own illegal junkyard including one or more unregistered vehicles and piles of scrap.
6. The Town has allowed one of their own officers, James Hayes aka J.A. Hayes Construction to operate a large junkyard including numerous unregistered vehicles and large accumulation of scrap.
7. The Town has been operating a loader and road grader on public roads without registrations or inspection and possibly uninsured.
8. The Town has singled out the plaintiffs for prosecution because:
   a. The Town has been frustrated by the plaintiff's,(and two prior owners) refusal to tear down a second house on their property.
   b. Location. The plaintiff's property is more visible than others.
   c. The plaintiffs are not Town officials, therefore, there is no risk of losing our services. Conversely, they are concerned that James Hayes would resign as Town Agent and Road Commissioner. He is also a Town Health Officer.
   d. The plaintiffs complained about raw sewage surfacing on their property from the neighbor who is a Selectman.

ADDISON SUPERIOR COURT
FILED
JUN 25 2001
KATHLEEN B. KEELER
CLERK

(2)

9. The Town has been operating their road maintenance from private property in the 25 acre forest conservation zone without even applying for a Conditional Use permit.

10. The Town has enforced the Zoning By-Laws in a manner that has denied the plaintiffs equal justice under the Constitution of the USA.

WHEREFORE Plaintiffs respectfully requests that the Court enter judgement against the Defendant(s), jointly and severally, awarding relief as follows:

1) Compensatory damages for monies paid to the Town; copying documents; time spent in Court including travel time; time spent doing research and documenting evidence; time spent composing and typing legal documents; in an amount to be determined by the Court

2) Exemplary damages in the amount of $50,000.

3) Punitive damages in the amount of $100,000.

4) Declaration that the Town of Goshen By-Laws NULL and VOID.

5) Order the Town(defendant) to withdraw their complaints against the plaintiffs in the Vermont Environmental Court.

6) Reasonable attorney's fees.

7) Interests and Costs.


DATED at Goshen, Vermont this 25th day of June, 2001

*Albert Gionet*
Albert Gionet
24 Gap Road
Goshen, Vermont 05733

concurred  *Bernadette Gionet*
Bernadette Gionet

STATE OF VERMONT
SUPERIOR COURT

ADDISON COUNTY

Albert Gionet &             DOCKET No.             Ancv
Bernadette Gionet

vs.

Town of Goshen

### NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:  TOWN OF GOSHEN

C/O Town Clerk

Goshen Town Office

Carlisle Hill Rd.

Goshen, Vermont 05733

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in Vermont Superior Court in Addison County and has been assigned docket # _____ Ancv.

This is not a formal summons or notification from the court. To save the cost of serving you with a formal judicial summons and another copy of the complaint, I am requesting that you sign and return the enclosed waiver of service. That cost will be avoided if I receive a signed copy of the waiver by July, 25, 2001 (30 days from the date of this Notice). I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also enclosed for your records.

If you comply with this request and return the signed waiver by July 25, 2001 (30 days from the date of this Notice), it will be filed with the court and no summons will be served upon you. The action will then proceed as if you had been served on the date that the waiver is filed, except that you will not be obligated to answer the complaint before August 24, 2001, (60 days from the date of this Notice).

If you do not return the signed waiver by (30 days from the date of this Notice), I will have formal service made in a manner authorized by the Vermont Rules of Civil Procedure. I will then ask the court to require you to pay the full costs of that service, to the extent authorized by those rules. In that connection, please read the statement concerning the duty of the parties to waive the service of summons, which is set forth on the enclosed waiver form.

1.

STATE OF VERMONT
SUPERIOR COURT

ADDISON COUNTY

Albert Gionet &
Bernadette Gionet        DOCKET No.            Ancv

vs.

Town of Goshen


## WAIVER OF SERVICE OF SUMMONS

TO: TOWN OF GOSHEN
C/O Town Clerk
Goshen Town Office
Carlisle Hill Rd.
Goshen, vermont 05733

    I acknowledge receipt of your request that I waive service of a summons in the action of                . which is case number           Ancv, in the Vermont Superior Court of Addison County. I have also received a copy of the Complaint in the action, two copies of this waiver form and a means by which I can sign and return this form to you without cost to me.

    I agree to save the cost of a service of summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner required by Rule 4 of the Vermont Rules of Civil Procedure.

    I will retain all defenses or objections to the jurisdiction or the venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me if an answer or motion under Rule 12 of the Vermont Rules of Civil Procedure is not served upon you by July 25, 2001 , (30 days from date Notice was received).


_____          _____
Date                    Signature
                        Printed name_____


## Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Vermont Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. If you and the plaintiff are both

located in the United States and you do not sign and return this form waiving service as requested by the plaintiff, you will be required to bear the costs of such service unless you can show good cause for not doing so.

Your belief that the complaint is unfounded or that the action has been brought in the wrong place or in a court that lacks jurisdiction of the action or your person or property is not good cause for failure to waive service. If you do waive service you retain all defenses and objections (except those relating to the summons or its service, and you may later object to the jurisdiction of the court or to the place where the action has been brought.

If you waive service, you must, within the time specified on the waiver form, serve on the plaintiff's attorney, or on the plaintiff if he or she has no attorney, a response to the complaint, which should be an answer or motion as provided in Rule 12 of the Vermont Rules of Civil Procedure. You must also file a signed copy of the response with the court. If a response is not filed within that time, a default judgment may be entered against you. Note that by waiving service you are allowed more time to respond to the complaint that if a summons had actually been served upon you on the date that you received the request for waiver of service.

NOTE: PLAINTIFF Albert Gionet elects to personally deliver this NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS on this date and affirms such by his signiture below.

*Albert Gionet*  6-25-01

Albert Gionet                              date

2.